Next case up this morning is 21-3333, Segid v. USCIS. Ms. Burrow, whenever you're ready. Good morning. Good morning, Your Honors. May it please the Court. My name is Sarah Burrow, and I'm here on behalf of Plaintiff Appellant Fitsum Segid. The government's motion to dismiss was improperly granted, and thus, we ask this Court to reverse and remand Mr. Segid's case to the District Court for the statutorily required de novo consideration of his application for naturalization. In its order granting the government's motion to dismiss, the District Court misstates the issue as being whether Mr. Segid has established that he has satisfied the statutory requirements for naturalization based on the facts alleged in his complaint. Rather, at this initial juncture, the Court should have considered only whether Mr. Segid could show his naturalization application was denied and that he participated in the required administrative hearing pursuant to 8 U.S.C. 1447A, which he did. Why is that de novo review? It seems to me like your view of de novo review is to start everything all over again, and the District Court can't consider anything that happened in the Immigration Court, which would be weird because we do de novo review all the time. It just means we look at what the District Court did and we determine whether or not the District Court did it correctly without deferring to the District Court's judgment. And it seems to me like that's what the District Court did here. It just looked at what the Immigration Court did and said, yeah, I agree. Well, at issue is 8 U.S.C. 1421C, where there shall be a hearing on de novo review, and the complaint was well-pledged, so there was nothing to merit the 12B6 motion to dismiss. The facts alleged were sufficient to go forward to a hearing, which is what Mr. Segid wants and why we're here today. Mr. Segid, he didn't argue, I don't think. He doesn't argue in his brief. He argues below in his complaint. It's one point in his complaint where he says that he didn't know that the children were his, but I noticed in his brief it seems like he's, in the Court of Appeals at least, he's abandoned that argument. He knew the kids were his, right? Well, he suspected the kids were his. Part of the issue at that juncture was that there were no documents, so in Eritrea there had been no birth certificates issued, so he had no legal evidence that they were his children. He wasn't married to the mother of those children. I think, but why didn't he answer no? So I think looking back at his DS-230, which is the application for immigrant visa, he indicated N.A. in part because that was what the instructions of the application said, and also not just to the… But how is that inapplicable? I mean, you're either pregnant or you're not, right? You either have kids or you don't. It's never not applicable. Well, I think his reasoning, which he provided, was that they weren't beneficiaries of the application. So his state of mind is a central question here, which is why we want a hearing at the district court level. But he answered N.A. to a series of questions, not just the one about his children. To differentiate this case from some of the others that have been decided on motions to dismiss, for example, this doesn't render him statutorily ineligible for naturalization, in the same sense that the cases do where there's a controlled substances issue or someone marked even N.A. or no regarding former wives when they were currently married in a bigamist situation where they would have been plainly statutorily ineligible for naturalization. Did he have no hearing before the immigration officer? He did. That was a requirement to get to the district court level. Well, that's what I thought, because I'm looking at... Oh, I see what you're saying. You're the last line of the statute. The court, such review shall be de novo and the court shall make its own findings of fact and conclusion of law and shall, at the request of the petitioner, conduct a hearing de novo on the application. Yes, that's right. Let me ask you, because we don't have the benefit of having the immigration record here at this posture, did he have counsel when he was completing that visa application in 2006 and then again during the naturalization application process? He did not. So, at the 2006 application, he had recently fled Eritrea and was in Egypt completing that application on his own. And then he did not have counsel for the naturalization application. We began representing him at the request for hearing on the denial of the naturalization application. And so no counsel in preparation for the interview, naturalization interview? None. And no one accompanied him to that interview. The district court essentially, in this case, converted the government's motion to dismiss into a motion for summary judgment by considering matters beyond the four corners of the complaint, declining to allow parties to engage in discovery, and declining to afford appropriate deference to the non-moving party, Mr. Segeet. Although he's not required to show he's entitled to win on the merits of the underlying case, Mr. Segeet did lay out facts properly pleading statutory eligibility for naturalization. He stated in his application that he's been a lawful permanent resident for at least five years, and at this time it's been more than 15, and that he is a person of good moral character. When considering a 12B6 motion to dismiss, there are two types of pleadings vulnerable. Those that are legally deficient and those that are factually deficient. Mr. Segeet's complaint was not legally deficient in that he stated and showed his application for naturalization had been denied, and that he had appeared for that administrative hearing. And it was not factually deficient in that he stated his reasons for marking N.A. on the application, thereby indicating that there's a question of fact sufficient to convince the court to go forward to a hearing. Ms. Burrow, your opening brief here didn't address the merits. Why haven't you waived that issue? So it is our position that you mean the merits as far as eligibility for naturalization?  So it's our position that that is what will be considered at the hearing, the de novo hearing on review of his application for naturalization. He did state, though, and it is in the briefs, that he has been a lawful permanent resident for the requisite time and that he's a person of good moral character. I don't think any of the other issues, physical presence and whatnot, are at issue at this juncture. I'd like to reserve the remainder of my time. Of course. Ms. Shatila. Good morning. Good morning, Your Honors. And may it please the court, Hannah Shatila for the United States. This court should affirm the district court's dismissal because appellant has not pled a plausible claim to naturalization for two reasons. First, he was not lawfully admitted because he made a material misrepresentation on his visa application. And second, he lacks good moral character because he gave false testimony at his naturalization interview. Turning to the first point, appellant made a material misrepresentation on his visa application by failing to list his children. Can I ask you a question? Can I ask you to address 1427C or 1421C? The last line of 1421C says, the district court shall review, which I now understand to be the petitioner's argument. Such review shall be de novo and the court shall, at the request of the petitioner, conduct a hearing de novo on the application. And here, I looked at the complaint and they did request a hearing. And they didn't get one. Yes, Your Honor. As the government explained in our brief, 1421C, the de novo is a standard of review. It is not a relief in and of itself. And no court has held that 1421C subverts the pleading requirements under the Federal Rules of Civil Procedure. And here, as recognized by this court in the Bijan case, 1421C, again, is a standard of review. That means that the court is not bound by the agency's determination. But in order to receive a hearing, it's well established through the Twombly-Iqbal line of cases and the circuits cases, an appellant must plead facts that establish that he has a plausible claim to naturalization. And here, the facts are simple. The appellant has simply not provided any set of facts that establish that he is entitled to the relief that he seeks here, which is naturalization. Instead, he has pled the reverse. Turning to the first reason, appellant made a material misrepresentation on his visa application form by failing to list children when the question on the form instructed him to do so. As the appellant admits in paragraph 26 of his complaint, the form instructed him to, quote, list names, dates, and places of birth and addresses of all children. And the word all is in all capital letters. And as appellant admits in paragraphs 21 to 23 of his complaint, he was aware that he had two children at the time. And as he admits in paragraphs 26 and 31 of the complaint, he did not list his children when instructed to do so. Instead, he wrote N-A. This is significant because the premise of his admission into the United States was as the immediate relative of his U.S. citizen wife. She petitioned on his behalf, and his visa is entirely based on them having a valid, bona fide marriage. But at the time, by failing to list his extramarital children that he admits in his complaint he knew he had, he cut into the agency's investigation into the aspect of the validity of his marriage at its inception. So his omission was material. And under 8 U.S.C. 1182 A6CI, Congress has mandated that a material misrepresentation makes a noncitizen inadmissible at the time of his admission. So here, the appellant has admitted from the face of his complaint that he was not lawfully admitted, which is another congressionally mandated requirement. Ms. Shatila, is there any reading of Bijan where a different interpretation of the question on the form is not a material misrepresentation? It's a different representation, not a material misrepresentation. Your Honor, a material misrepresentation, as this Court explained in Bijan, and the Supreme Court explained in the Cooney's case, is whether the misrepresentation cuts off a line of inquiry that is relevant to the agency's determination and whether any facts that could have been investigated at the time would have impacted the non-applicant's eligibility for relief. So here, because the applicant failed to disclose his children, that was relevant because the premise of his entire admission here was based on his marriage to a U.S. citizen. But at that time, he was having children with another woman, so it certainly would have been relevant, and the agency would have wanted to investigate those facts further had he disclosed the information as the form required him to. In Bijan, this Court held that a non-citizen's failure to disclose children on a visa application was a glaring omission that made the plaintiff in that case ineligible to naturalize, and here, that is the same scenario. The appellant here did not list his children when the form instructed to do so. He admits in his complaint these facts, and therefore, from the face of his complaint, he showed that he has not stated a plausible claim to naturalization. This issue is dispositive of this case. The district court's dismissal was proper. Additionally, though, the appellant has also admitted facts in his complaint supporting a second reason for why he's facially ineligible for naturalization, and that is that he admits in his complaint that he gave a false testimony at his naturalization interview when he lied about his material misrepresentation. In paragraph 30 of his complaint, he admits that at his naturalization interview, an immigration officer asked him if he had ever given a U.S. government official any information or documentation that was false, fraudulent, or misleading. And in paragraph 30 of his complaint, he admits that he testified no. This is a false statement because, as I just mentioned, he... Isn't that evidence that he didn't think that his representation in 2006 was misleading, but rather his own unique interpretation of the form, answering no to the false question in the interview? Your Honor, neither Congress nor this court have interpreted, have required an intent to deceive in the statute here. So the appellant's post hoc rationalizations for why he chose not to answer the question don't matter. They're not relevant to the equation here. What matters is that he gave this false statement, he knew what the question asked, he knew he had children, and he did not disclose his children. Is there a willfulness requirement? Under false testimony, Your Honor, no. That under lawful admission, there is a requirement that the material misrepresentation be made willful. And in the circuit's precedent, that is defined as an action that is deliberate and voluntary. It means a person knows what the question asked and deliberately provides his answer. The court analyzed that issue in the Ascentic v. Sessions case. Returning to the last part of the false testimony ground of his ineligibility, Congress mandated in AUSC 1101 F6 that false testimony is a per se bar to establishing good moral character. And good moral character is another requirement for naturalization that appellant has shown from the face of his complaint that he cannot meet. So, again, the appellant cannot establish that he was lawfully admitted and he cannot establish that he met the good moral character requirements. He admits these facts from the face of his complaint. Thus, he is ineligible for naturalization, which is the relief that he seeks. Therefore, the district court's dismissal was proper, and this court should affirm that dismissal. Your Honors have no further questions. I do have a question because you all just discussed this willful, and you said it means that the applicant knows what the question asks. So if we have Mr. Sagid saying, I think this question is asking, do I have any children that I'm going to claim on this visa application or that are covered or for whom I'm going to be applying for a visa as well? Therefore, I am marked in A. How do we have, what assurance do we have that he knows what the question is actually asking? Well, Your Honor, the question is the question, as the appellant admits in his complaint in paragraphs 26, he knows that the question asked him to list names, dates, and places of birth, and addresses of all children. The question did not ask him to list relevant children or applicable children. It very clearly instructed him to list all children. And in authentic, this court explained that as long as the applicant knows what the question asks and voluntarily provides his answer, his action was willful. So therefore, under that standard here, his misrepresentation was a willful misrepresentation. And if Your Honors have no further questions, the government asks that this court affirm the district court's dismissal based on these two grounds of ineligibility. Thank you. Thank you. Ms. Burrow, rebuttal. Thank you. I would encourage this court to consider Twombly, which states a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote and unlikely. That is not the case here, but it's a very low standard to succeed past a motion to dismiss. There is a factual dispute, as is clear today, which merits review during a de novo hearing. So regardless of whether Mr. Segee does or does not have a likelihood of success on his application for naturalization, which we believe he does, he is entitled to de novo review in the district court. Counsel, is that your answer to how you get around Bijan? It's a procedural answer as opposed to because Bijan has a definition for us to look at about material misrepresentation. It's not a definition that includes intent or subjective intent or siente or anything like that. How do you get around it? So this case is distinguished from Bijan in a couple of points. First, in Bijan, that applicant had been married when he had applied for his immigrant visa as the unmarried adult child of a lawful permanent resident. So him marking N.A. regarding his marriage, which he also did regarding children, but there regarding his marriage, out the gate made him statutorily ineligible for the immigrant visa that he had obtained years before applying for naturalization. Second, in Bijan, that case was brought up on a motion for summary judgment, which isn't the case here. So we're facing a motion, well, the district court granted a motion to dismiss, cutting off all further consideration into siente, for example. As to opposing counsel's comment on good moral character, for example, Your Honor, to your point, knowledge of falsity is required. And so how he answered that question at the naturalization interview as to whether he had ever made a willful misrepresentation was predicated on knowledge of falsity in the first instance in 2006 on that immigrant visa application. Interestingly, it's worth noting for the court that my client is in a bona fide marriage. He is still married today to the U.S. citizen who petitioned for him back in 2006, and they have three children together. He had no earthly idea marking N.A. on that application could be considered lying, let alone willful misrepresentation, and as having done so is literally the only blemish on his record, he wishes to offer testimony as part of de novo review of his application to become a citizen of this country. Thank you, Ms. Burrow. Thank you. Court will take the case under advisement.